Filed 10/9/23  P. v. Peterson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL CHARLES PETERSON,<br><br>    Defendant and Appellant. | D079864<br><br><br><br>(Super. Ct. No. SCE194953) |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Arlene A. Sevidal, Lynne McGinnis and Minh U. Le, Deputy Attorneys General for Plaintiff and Respondent.

Paul Charles Peterson appeals an order denying his Penal Code section 1170.95 (now Penal Code section 1172.6)[1] petition for resentencing of his first degree murder conviction.  Following an evidentiary hearing on the petition, the trial court found the evidence "prove[d] beyond a reasonable doubt that [Peterson] aided and abetting a willful, premeditated murder" and consequently the People proved beyond a reasonable doubt that Peterson "at the very least . . . harbored implied malice and [was] guilty of second degree murder."  Peterson contends that after the passage of Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), aiding and abetting implied malice murder is no longer a valid theory of murder because it violates the requirement that direct aiders and abettors harbor a specific intent to commit the charged crime.  He asks that we remand his matter to the trial court for resentencing.  Alternatively, Peterson asks that we reduce his conviction to second degree murder and his sentence to 15 years to life.  He maintains that the court ruled "only a second degree [murder] conviction had been established beyond a reasonable doubt" and thus his "conviction no longer meets the elements of first degree murder . . . ."  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The detailed facts underlying Peterson's May 2000 first degree murder conviction are set out in our nonpublished opinion in *People v. Peterson* (Dec.

---

[1]     Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text.  (Stats. 2022, ch. 58, § 10.)

2

19, 2002, D038367).[2]  On appeal, Peterson summarizes the background facts from the probation report.  After Peterson's evidentiary hearing on the petition, the trial court made the following factual findings:  ". . . [Peterson] was *not* the person who stabbed the deceased victim, Ray Blessing.  . . . [¶] . . . [¶]  . . .  The evidence, including [Peterson's] own statements, proves that [Peterson] and Janice Rodriguez went to Blessing's location, robbed him, and beat and kicked him with sufficient force to be fatal.  Later, Rodriguez told [Peterson] she wanted to kill Blessing and asked for a gun.  [Peterson] told Rodriguez that he didn't have a gun, but [he] gave her a knife, fully aware of Rodriguez's intent to kill.  Subsequently, she stabbed Blessing to death with [Peterson] standing by, and the two fled together."  The probation report states that on the night of the murder Peterson returned to the board and care facility where he was staying and told his roommate he had "just bashed some guy's head in."

In February 2019, Peterson, representing himself, filed a form petition for resentencing under then section 1170.95, stating in part that he could not be convicted of first or second degree murder because of changes made to

---

[2]    At the evidentiary hearing on Peterson's petition, the parties did not present live testimony; the trial court reviewed the trial transcripts, a probation report, and an autopsy report.  It declined to consider the facts from our appellate opinion in making its ruling.  This was proper:  "[T]he Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section [1172.6] petition reaches the stage of a full-fledged evidentiary hearing." (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord, *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 ["Senate Bill [No.] 775 prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section [1172.6]"]; *People v. Langi* (2022) 73 Cal.App.5th 972, 979-980 [trial court erred by treating statements in prior appellate opinion as conclusive as to whether the appellant was the actual killer].)

sections 188 and 189 and asking the court to appoint him counsel.  The People filed a response.  Peterson via appointed counsel filed a reply.

The court initially denied Peterson's petition.  However, it eventually set an evidentiary hearing.  Peterson submitted briefing, arguing the evidence was insufficient to prove beyond a reasonable doubt he aided and abetted premeditated murder or met the elements of felony murder.  According to Peterson, his mental illness and intoxication precluded any specific intent to kill the victim and his involvement, which was driven out of sympathy for Rodriguez, amounted to "not much more than mere presence."  He argued he had no reason to predict Rodriguez was a violent person and "nothing about [his] conduct . . . enabled the murder."  He sought to distinguish cases where courts found substantial evidence of reckless disregard for human life.

Following the evidentiary hearing the court took the matter under submission.  Thereafter it issued a statement of decision denying the petition.  It interpreted its inquiry as "requir[ing] it to decide, as an independent trier of fact, whether the evidence presented proves beyond a reasonable doubt that [Peterson] is guilty of first or second degree murder."  The court acknowledged that "[m]urder requires evidence of malice aforethought, and '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' "  Given the statutory language, the court observed "a defendant can still be found guilty of second degree murder on a theory of implied malice," as stated in *People v. Powell* (2021) 63 Cal.App.5th 689.  It quoted *Powell*:  " 'In the context of implied malice, the actus reus required of the perpetrator is the commission of a life endangering act.[ ]  For the direct aider and abettor, the actus reus includes whatever acts constitute aiding the commission of the life endangering act.  Thus, to be liable for an implied

4

malice murder, the direct aider and abettor must, by words or conduct, aid the commission of the life endangering *act*, not the result of that act. The mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life.'" (Some italics omitted.) It concluded: "Applying this theory to the facts here, the court finds beyond a reasonable doubt that, at the very least, [Peterson] harbored implied malice and is guilty of second degree murder. . . . Since th[e] evidence proves beyond a reasonable doubt that [Peterson] aided and abetted a willful, premeditated murder, *a fortiori*, it proves [Peterson] is guilty, under current law, of implied malice second degree murder beyond a reasonable doubt. Therefore, he is ineligible for resentencing pursuant to . . . section 1170.95."

Peterson filed this appeal from the court's order.

DISCUSSION

I. *Legal Principles*

Senate Bill No. 1437, effective January 1, 2019, "amend[ed] the felony[-]murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) "[S]ection 189 . . . now limits liability under a felony-murder theory principally to 'actual killer[s]' (. . . § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd.

5

(e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of . . . [s]ection 190.2' . . . ." (*Strong*, at p. 708.) "[T]he bill amended section 188 to provide that, except in cases of felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought.' [Citation.] This change 'bars a conviction for first or second degree murder under a natural and probable consequences theory.' " (*People v Reyes* (2023) 14 Cal.5th 981, 986 (*Reyes*), quoting *People v. Gentile* (2020) 10 Cal.5th 830, 846 (*Gentile*);[3] see also *Strong*, at p. 707, fn. 1.)

Senate Bill No. 1437 created a procedural mechanism for those convicted under the former law to petition the trial court for retroactive relief under the amended law. (§ 1172.6, subd. (a); *Strong, supra*, 13 Cal.5th at p. 708; *Gentile, supra*, 10 Cal.5th at p. 843.) If a petitioner has made a prima facie showing of entitlement to relief in his or her petition, the court must issue an order to show cause. (*Strong*, at p. 708.) "If there has been 'a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' [Citation.] Additionally, the parties may stipulate that the petitioner is eligible for resentencing." (*Id.* at pp. 708-709.) Otherwise, the court must conduct an evidentiary hearing to determine whether to vacate the murder

---

[3]    *Gentile* was "abrogated in part on another ground by Stats. 2021, ch. 551, § 2, which amended section 1172.6, subdivision (g), to expressly allow defendants whose convictions are not final to seek relief under [Senate Bill No.] 1437 on direct appeal." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252, fn. 9.)

conviction. (*Strong*, at pp. 708-709; § 1172.6, subd. (d)(1).) At the evidentiary hearing, the burden is "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under California law as amended by the changes to sections 188 and 189 by Senate Bill No. 1437. (§ 1172.6, subd. (d)(3); see also *People v. Didyavong* (2023) 90 Cal.App.5th 85, 94-95, review granted Jun. 28, 2023, S280047 [explaining that Senate Bill No. 775, effective January 1, 2022, clarified the burden of proof and trial court's role as an independent fact finder].) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1172.6, subd. (d)(3).)

## II. *Standard of Review*

We ordinarily review the trial court's denial of a section 1172.6 petition for substantial evidence. (*Reyes*, *supra*, 14 Cal.5th at p. 988.) "Under this standard, we review the record ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a *reasonable trier of fact* could find the defendant guilty beyond a reasonable doubt.' " ' " (*Ibid.*, italics added, quoting *People v. Ghobrial* (2018) 5 Cal.5th 250, 277.) But where an issue presents a question of law, we review it independently. (See *Reyes*, at p. 988.) That is the case here, as Peterson challenges whether a particular theory of murder remains viable after the law's passage.[4]

## III. *Direct Aiding and Abetting Implied Malice Murder*

Peterson contends aiding and abetting implied malice murder is no longer a valid theory of murder after the passage of Senate Bill No. 1437,

---

[4]    Peterson characterizes the legal issue as one of statutory construction.

7

because it contravenes the requirement that direct aiders and abettors have the specific intent to commit the charged crime. He points out that some statements in *Gentile*, *supra*, 10 Cal.5th 830 suggest otherwise, but he argues those statements are limited or dicta.

*Reyes*, *supra*, 14 Cal.5th 981 disposes of these arguments. There, the court addressed an amicus' assertion that a direct aiding and abetting theory of second degree murder is invalid following passage of the new law. (*Id*. at pp. 990-991 [addressing Office of the State Public Defender's argument].) The court cited *People v. Powell*, *supra*, 63 Cal.App.5th 485, relied upon by the trial court in this case, as well as this court's decision in *People v. Superior Court of San Diego County* (*Valenzuela*) (2021) 73 Cal.App.5th 485, 499. *Reyes* stated "[c]ase law has recognized and applied this theory, and we see no basis to abrogate it." (*Id*. at p. 990, also citing *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 588-591 & *People v. Langi, supra,* 73 Cal.App.5th at pp. 979-983.) This court since *Valenzuela* has continued to recognize this theory survives section 1172.6. (*People v. Werntz* (2023) 90 Cal.App.5th 1093, 1113, review granted, Aug. 09, 2023, S280278 [observing this court has joined the " 'chorus of appellate authorities . . . which have uniformly upheld aiding and abetting implied malice murder as a viable form of murder liability, notwithstanding the legislative changes effectuated by Senate Bill [No.] 1437 and Senate Bill [No.] 775' "]; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388, 391 ["a person convicted of aiding and abetting implied malice murder is not a person convicted of murder pursuant to a theory under which malice is imputed based solely on the person's participation in a crime"]; see also *People v. Didyavong*, *supra*, 90 Cal.App.5th at p. 95, rev. gr. [discussing theory and adopting *Powell*'s reasoning].)

8

*Reyes* quoted the precise language of *People v. Powell*, *supra*, 63 Cal.5th 689 that the trial court here cited to deny Peterson's petition: that the direct aider and abettor must aid the direct perpetrator's commission of the life-endangering act, not the result of that act, and thus, the mens rea personally harbored by the direct aider and abettor " 'is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life.' " (*Reyes*, *supra*, 14 Cal.5th at pp. 990-991.)

As stated, *Reyes* disposes of Peterson's broad contention, as well as his more specific argument that *Powell*'s approach (*People v. Powell*, *supra*, 63 Cal.5th 689) "ignores the body of law requiring that direct aiders and abettors intend a specific crime—as opposed to a specific act." And by following *Gentile*, *Reyes* also implicitly rejects Peterson's other argument, namely that we should not follow *Gentile* as it is dicta to the extent it held that notwithstanding the elimination of natural and probable consequences liability for second degree murder, "an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*Gentile*, *supra*, 10 Cal.5th at p. 850.)

Apart from *Reyes*'s implied rejection, we disagree *Gentile*'s holding is dicta. *Gentile* was responding to an amicus argument that accomplices who did not expressly intend to aid a killing could escape murder liability if Senate Bill No. 1437 were interpreted to eliminate the natural and probable consequences doctrine altogether. (*Gentile*, *supra*, 10 Cal.5th at p. 850.) The holding went directly to whether the statute eliminated natural and probable

9

consequences liability for accomplices to murder. And even if that were not the case, California Supreme Court " ' "dicta generally should be followed, particularly where the comments reflect the court's considered reasoning." ' " (*People v. Glukhoy*, *supra*, 77 Cal.App.5th at p. 589, quoting *People v. Tovar* (2017) 10 Cal.App.5th 750, 759.)

IV. *Request to Reduce Conviction and Sentence*

Peterson contends in the alternative that we should reduce his conviction to that of second degree murder, and his sentence to fifteen years to life accordingly. Citing review standards for a sufficiency of the evidence challenge,[5] he characterizes the court's ruling as finding that given the new law prohibiting imputing malice based on the natural and probable consequences of the perpetrator's acts, the People had only established second degree murder beyond a reasonable doubt.

Whatever the merits of Peterson's interpretation of the trial court's ruling, the court's finding that the People proved Peterson "aided and abetted a willful, premeditated murder" and is guilty of implied malice second degree murder beyond a reasonable doubt means simply that Peterson is *ineligible for resentencing* under section 1172.6 and his petition must be denied. In *People v. Didyavong*, *supra*, 90 Cal.App.5th 85, review granted, this court,

---

[5] Though Peterson cites these standards, he does not meaningfully discuss the evidence as is required to succeed on a sufficiency of the evidence challenge. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [party contending that some particular issue of fact is not sustained is required to set forth in their brief *all* of the material evidence on the point, or else they will waive the contention].) It is not the reviewing court's function to determine the facts on a sufficiency of the evidence challenge. (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 470 [stating for this reason the substantial evidence standard of review is generally the most difficult standard to meet]; see also *People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 329.)

following *People v. Gonzalez* (2023) 87 Cal.App.5th 869, explained: "[Section 1172.6] does not detail eligible degrees of murder. For relief it simply requires the defendant to have been convicted of 'murder, attempted murder, or manslaughter' in a situation in which the petitioner 'could not presently be convicted of murder or attempted murder' because of changes to sections 188 or 189. [Citation.] . . . [W]e conclude this language is reasonably clear. It treats all murder as a single, generic crime and requires resentencing when a defendant could not now be convicted of murder, generically. The statute authorizes the court to take one of two actions: deny the petition for relief or grant the petition for relief. [Citation.] In granting the petition, the court vacates the murder conviction and redesignates it as the target offense or the underlying felony. In directing the court to redesignate the murder conviction to the target offense or the underlying felony, the statute provides no mechanism for the court to *reduce* a first degree murder conviction to second degree." (*Didyavong*, at p. 96.)[6] In this context, Peterson is not entitled to a reduction of his conviction to second degree murder or a reduction in his sentence.

---

[6] Noting section 1172.6 does not allow the People to retry a defendant on a lesser homicide offense even if the evidence would support it, this court further stated "if the Legislature intended to ensure that no defendant remains convicted of a crime greater than what he or she would be guilty of under the revised statutes, it is free to amend section 1172.6 to say so." (*People v. Didyavong, supra,* 90 Cal.App.5th at p. 97, rev.gr.)

11

# DISPOSITION

The order denying Peterson's section 1172.6 petition for resentencing is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

KELETY, J.